MARY M. MORTON *v.* JAMES FORD.

**Sale of Wife's Land by Husband — Ratification.**

> The attempted sale of the wife's land by her husband might have post-
> poned but cannot have deprived her of the ultimate use of her estate,
> if she had not been estopped by the subsequent ratification and confirma-
> tion of the sale.

APPEAL FROM OWEN CIRCUIT COURT.

June 26, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The legal title to the estate sued for in this action, by the con-
veyance of her father, vested in appellant, and the attempted sale
thereof by her late husband might have postponed but could not
have deprived her of the ultimate use and enjoyment of said
estate, if she had not subsequently ratified and confirmed said sale.

In her answer, when she was a *feme sole,* to the petition of her
late husband's vendee for a title and to enjoin the collection of a
part of the price for want of title, after stating that she had
joined her husband in a conveyance of said land to said vendee,
properly acknowledged and certified for record, according to the
laws of Kentucky, and forwarded the same to him, by a trust-
worthy agent, but whether it was ever delivered or not she could
not state, she added that the sale of the land was with her consent
and met with her cordial approbation, and that she then was, and
thence hitherto hath been, and still is, willing and anxious that
the contract shall be carried specifically into execution; that by the
conveyance of the land to her by her father she became invested
with the legal title, and that now since the death of her said
husband she can individually and alone, as the owner thereof,
convey and invest him, the complainant, with a full title in law
and equity thereto, as fully as she and her husband could have
done jointly in his lifetime. Wherefore, with a view and intent
of fulfilling said contract of her said husband, she hath made,
executed, and acknowledged, and caused to be certified, her certain
deed of conveyance to said complainant of said land, and hereby
offers and tenders the same to him, if he will pay the balance due
of the purchase money for said land, and tendered said deed as
part of her answer, which was regarded as sufficient by the court,

the vendee compelled to accept it, and thereupon his injunction was dissolved and the money coerced.

On the trial of the case below the transcript of the record of Hardesty against appellant, etc., in which this answer was filed, from which the extracts herein recited are taken, together with her deed, was read in evidence.

There was no evidence offered tending in the slightest degree to show that said answer and deed were not the voluntary acts of a mind perfectly competent to' understand and transact the business she was engaged in, or that she was influenced, or even persuaded, to make the deed by any one whatever. And certainly not by appellee or his vendor, for they were in Kentucky and she was in the State of Missouri at the time.

If the evidence referred to is not sufficient to estop appellant from setting up claim to the land, then in no case can an estoppel be available, and it must be regarded as no substantial thing, existing only in name.

After the death of her husband appellee might have avoided the contract for the sale of her land, but she elected to ratify and confirm it, and it is too late now to retract.

As to the consideration it is sufficient to say that by the conveyance of the land the purchaser was compelled to pay the price, and whether she received it or not is not material. She was instrumental in causing the purchaser to part with his money and prejudice to him, whether she was benefited or not, is a sufficient consideration.

Wherefore, the judgment is affirmed.